David M. Helbraun [SBN 129840]
**HELBRAUN LAW FIRM**
555 Montgomery Street, Suite 605
San Francisco, CA 94111
Telephone: (415) 982-4000
Email: dmh@helbraunlaw.com

Attorneys for Plaintiff
CENTURY SURETY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIGATORS GROUP INC. doing business as Navigators' Insurance Company, and DOES 1-5,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR EQUITABLE CONTRIBUTION, DECLARATORY RELIEF** |

COMES NOW, Plaintiff CENTURY SURETY COMPANY (referred to herein as "CENTURY" or "Plaintiff") and pleads the following allegation in support of its Complaint herein:

1. The present action seeks equitable contribution and a judicial declaration concerning the right and obligations as amongst insurance carriers and their insured with regard to defense fee and/ costs incurred in the action entitled, *Shann M. Brassfield v. Paul S.S. Elias dba Apec Construction et. al.*, being Santa Clara County Superior Court Case No. 115-CV-286106 (the "Underlying Action").

///

///

///

## JURISDICTION

2. Plaintiff CENTURY SURETY COMPANY ("CENTURY" or "Plaintiff") is now, and at all relevant times was, a corporation, existing under the laws of the State of Ohio with its principal place of business in Michigan. CENTURY is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Plaintiff is informed and believes and thereon alleges that defendant NAVIGATORS GROUP INC. doing business as Navigators Insurance Company (herein after, "NAVIGATORS") is now, and at all relevant times was, a corporation, existing under the laws of the State of Delaware with its principal place of business in New York. NAVIGATORS is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

4. Defendants sued herein as DOES 1 through 5, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said defendants. Plaintiff will amend this Complaint to reflect the true names when the same are ascertained. Plaintiff is informed and believes and thereon allege that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

5. The amount in controversy exceeds $75,000, and represents fees and costs sought in connection with the defense and/or indemnification of the parties' mutual insured with regard to the Underlying Action.

6. This Court has diversity jurisdiction as Plaintiff is domiciled in Michigan and the Defendant is domiciled in New York.

7. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of

the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## VENUE

8.   Plaintiff is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

### A. The Insurance Policies

9.   Plaintiff CENTURY issued the following policy of commercial general liability insurance under which OJV Construction and Oscar Jose Maria Vega II (collectively referred to as "OJV") were named insureds: policy number CCP 732862 with effective dates of 10-22-2011 to 10-22-2012, with limits of liability of $1 Million per occurrence and $2 Million in the aggregate ("the CENTURY Policy").

10.   The CENTURY Policy provides, in pertinent part:

SECTION I – COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay
as damages because of "bodily injury" or "property damage" to which this
insurance applies. ...

We will have the right and duty to defend the insured against any "suit"
seeking those damages. However, we will have no duty to defend the insured
against any "suit" seeking damages for "bodily injury" or "property damage"
to which this insurance does not apply. We may, at our discretion, investigate
any "occurrence" and settle any claim or "suit" that may result ...
...
b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury or "property damage" is caused by an "occurrence" that takes
place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and
(3) The "bodily injury" or property damage":
a) Did not first exist, or first occur, in whole or in part, prior to the inception date of this policy; or
(b) Was not, nor is alleged to have been, in the process of taking place prior to the inception date of this policy, even if the actual or alleged "bodily injury" or "property damage" continues during this policy period.
(4) Prior to the policy period, no insured listed under paragraph 1. of Section II-Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

…

"Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

…

For the purposes of this insurance, "property damage" is not physical injury to tangible property, any resultant loss of use of tangible property, nor loss of use of tangible property that is not physically injured that arises out of failure to complete or abandonment of "your work".

11.     Plaintiff CENTURY is informed and believes and thereon alleges that defendant NAVIGATORS provided a policy of commercial general liability insurance under which OJV were named insureds, being policy number SF 10CGL01679400 with effective dates of 10-22-2010 to 10-22-2011, and with limits of liability of $1 Million per occurrence and $2 Million in the aggregate ("the NAVIGATORS Policy").

### B. The Underlying Action

12.     On September 24, 2015, Shann Brassfield filed an action in Santa Clara County Superior Court entitled *Brassfield v. Paul S. Elias dba Apec Construction, et al.*, being Action No. 115-CV-286106 ("the Underlying Action"). OJV was a named defendant in the Underlying Action. The complaint in the Underlying action alleged the following causes of action: breach of written

contract, breach of oral contract, breach of implied contract, breach of implied warranty, negligence, fraud, negligent misrepresentation, constructive fraud, and violation of Business and Professions Code §7160.

13. In the Underlying Action, Plaintiff Shann Brassfield alleged a variety of construction defects related to the remodel of his home located at 208 Wilder Avenue in Los Gatos, California. The remodel project involved the addition of a new basement and recreation room, raising the existing building and constructing a new ground floor to render the structure into a two-story residence, and a new front porch, and new garage ("the Project"). Plaintiff Brassfield hired Paul S.S. Elias doing business as Apec Construction ("Apec") to serve as general contractor for the Project.

14. For the Project, Apec initially hired OJV only to finish the excavation for the basement, compact the soil, lay the concrete slab, pour the foundation, install the basement concrete walls, rough-frame the basement interior walls, install a drain around the perimeter of the basement, and back-fill the soil behind the basement concrete walls (hereinafter, collectively, the "foundation and basement work"). The contract for the foundation and basement work was not in writing. OJV commenced the foundation and basement work in or about February 2011. OJV completed its foundation and basement work in or about August 2011. OJV received payment for the foundation and basement work in July and August 2011.

15. Upon the completion of the foundation and basement work, Apec then asked OJV to also construct the rough framing of the new first story of the residence (the "first-story framing"). This new agreement for OJV to construct the first-story framing was also not in writing. OJV commenced the first-story framing work in or about September 2011, and completed the first-story framing work in or about late October 2011. OJV received payment for its first-story framing work in early November 2011.

///

16. In the Underlying Action, Plaintiff Brassfield claims, in part, that OJV's foundation and basement work on the Project was defective, and that the following allegedly defective conditions at the Project were caused by OJV's foundation and basement work:

- Improperly installed, inadequate, or nonexistent waterproofing resulting in water intrusion to the basement and other areas;
- Improperly installed concrete basement slab and walls resulting in water intrusion to the basement;
- Improperly installed sewer and storm drains resulting in water intrusion to the basement and other areas;
- Improper installation and thickness of concrete basement slab compromising structural integrity of framing support members;
- Faulty soil compaction resulting in damage to the front porch and other areas of the structure.

17. In the Underlying Action, Plaintiff Brassfield further claims, in part, that OJV's allegedly defective foundation and basement work resulted in immediate intrusion of water and water vapor into the basement interior and other portions of the structure, commencing significant, continuing, property damage within the terms of the NAVIGATORS' policy, and, possibly, within the terms of the policies of DOES 1 through 5 as well.

18. OJV tendered its defense and indemnity with regard to the Underlying Action to CENTURY under the Century Policy. CENTURY, subject to a full reservation of rights, agreed to defend OJV in the Underlying Action.

19. CENTURY is informed and believes and thereon alleges that OJV tendered its defense and indemnity with regard to the Underlying Action to NAVIGATORS under the NAVIGATORS Policy. CENTURY is informed and believes and thereon alleges that NAVIGATORS denied OJV's tender.

20. Plaintiff is informed and believes and thereon alleges that OJV has tendered its defense and indemnity to a number of other insurers carriers, including DOES 1 through 5, either as a named insured or an additional insured. Plaintiff is informed and believes and thereon alleges that none of

these other insurance carriers have agreed to defend or indemnify OJV, however Plaintiff contends that these other carriers are under an obligation to do so.

21. Plaintiff is informed and believes and thereon alleges that the Defendant insurers are under an obligation to defend and/or indemnify OJV with regard to the Underlying Action and have failed to pay their equitable share towards the defense fees and costs and/or indemnity incurred by OJV.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### (By CENTURY Against All Defendants)

22. Plaintiff hereby realleges paragraphs 1 through 21 of this complaint, as though set forth fully herein.

23. An actual, present and justiciable controversy has arisen and now exists between Plaintiff on the one hand and the Defendants on the other, concerning their respective rights and obligations under the insurance policies issued by each of them.

24. In particular, Plaintiff contends, and is informed and believes, that Defendants NAVIGATORS' and DOES 1 through 5 deny the following:

 a. Defendants NAVIGATORS and DOES 1 through 5 had and have a duty to defend and/or indemnify OJV against the claims, demands, actions, and causes of action asserted against OJV in the Underlying Action;

 b. Defendants NAVIGATORS and DOES 1 through 5 had and have an equitable duty and responsibility to pay a fair and proportionate share of the costs of defense and/or indemnity incurred on behalf of OJV;

 c. The costs of defending and/or indemnifying have been and are being borne disproportionately by Plaintiff; and

///

      d. The costs associated with the defense and/or indemnification of OJV should be equitably apportioned between and among Plaintiff and Defendants NAVIGATORS and DOES 1 through 5 under applicable law and equitable principles.

25. Plaintiff asserts and contends that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights and liabilities of the parties regarding their obligations to pay for the defense and/or indemnification of OJV against the allegations made in the Underlying Action.

### SECOND CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

#### (By CENTURY Against All Defendants)

26. Plaintiff hereby realleges paragraphs 1 through 25 of this complaint, as though set forth fully herein.

27. In the Underlying Action, Shann Brassfield seeks monetary damages from OJV for, among other things, defective construction for which OJV was allegedly responsible.

28. Plaintiff agreed to defend and/or indemnify OJV against the claims asserted against it in the Underlying Action, pursuant to the terms and conditions of the CENTURY Policy, and subject to a full reservation of its rights.

29. Plaintiff is informed and believes and thereon alleges that the policy(ies) issued by Defendants NAVIGATORS and DOES 1 through 5 provide liability insurance to OJV designating OJV as a named insured or additional insured thereon. Plaintiff is further informed and believes and thereon alleges that the allegations made, pleaded or otherwise asserted against OJV in the Underlying Action, if true, set forth claims for damages potentially covered under NAVIGATORS and DOES 1 through 5's policies.

30. As such, Defendants NAVIGATORS and DOES 1 through 5 and each of them, are obligated to participate in the defense and/or indemnification of OJV in the Underlying Action by

reason of their respectively underwritten policies of insurance, which provide an agreement to undertake the duty to defend suits seeking damages from bodily injury or property damage potentially covered under their respective policies.

31. All conditions precedent to defendants NAVIGATORS' and DOES 1 through 5's obligations under their respective policies of insurance have been/ satisfied, waived, and/or excused. Defendants NAVIGATORS' and DOES 1 through 5's obligations to defend and/or indemnify OJV are currently due and owing.

32. NAVIGATORS, and DOES 1 through 5 have to date failed to participate in the defense and/or indemnification of OJV, and/or failed to contribute a full and equitable share toward Plaintiff's costs of defending and/or indemnifying OJV which have been incurred and which are being incurred in connection with the Underlying Action.

33. By reason of Defendants NAVIGATORS' and DOES 1 through 5's failure to discharge their obligations and equitably participate in the defense and/or indemnification of OJV, Plaintiff has incurred and/or paid, and will incur and/or pay, more costs than it would have, had Defendants NAVIGATORS and DOES 1 through 5 agreed to defend and/or contribute a full and equitable share to the defense and/or indemnity of OJV in performance of their due and owing under their respective insurance policies.

34. Defendants NAVIGATORS' and DOES 1 through 5's failure to discharge their obligations under their respective policies of insurance is wrongful and thus causing an inequitable result, in that Plaintiff is paying and has paid more than its equitable share of the costs of defending and/or indemnifying OJV in the Underlying Action without the participation of Defendants in paying for such costs.

35. Because of Defendants NAVIGATORS' and DOES 1 through 5's wrongful failure to discharge their obligations under their respective insurance policies, Plaintiff is entitled to an award of

equitable contribution, to reimburse it for costs equivalent to Defendants NAVIGATORS' and DOES 1 through 5's fair and equitable proportionate share of the total costs of defense and/or indemnification incurred in connection with the claims against OJV in the Underlying Action, with interest thereon at the prescribed legal rate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment, as follows:

1. For a declaration of this Court of the following: (1) that Defendants NAVIGATORS and DOES 1 through 5 had and have a duty to defend and/or indemnify OJV against the claims, demands, actions, and causes of action asserted against OJV in the Underlying action; (2) that Defendants NAVIGATORS and DOES 1 through 5 had and have an equitable duty and responsibility to pay a fair and proportionate share of the costs of defense and/or indemnification incurred on behalf of OJV; (3) that the costs of defending and/or indemnifying OJV have been and are being borne disproportionately by Plaintiff; and (4) that the costs associated with the defense and/or indemnification of OJV should be equitably apportioned between and among Plaintiff and Defendants.

2. For general damages in an amount to be proven at trial;

3. For prejudgment interest;

4. For costs of suit herein;

5. For such other and further relief and damages as the Court may deem just and proper.

Dated: June 10, 2020                                      HELBRAUN LAW FIRM

_____
David M. Helbraun
Attorneys for Plaintiff
CENTURY SURETY COMPANY

COMPLAINT FOR EQUITABLE CONTRIBUTION, DECLARATORY RELIEF                    10